# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY JOHN DANIELS JACKSON,<br>　　　　Plaintiff | : | Civil No. 3:15-cv-00049 |
| | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| COMMONWEALTH OF<br>PENNSYLVANIA, *et al.*,<br>　　　　Defendants | : | |

## MEMORANDUM

### I.　Background

Plaintiff, Troy John Daniels Jackson, an inmate previously confined at the State Correctional Institution, Camp Hill, Pennsylvania, (SCI-Camp Hill),[1] initiated the instant action pursuant to 42 U.S.C. § 1983, in the Eastern District of Pennsylvania. (Doc. 5). The case was subsequently transferred to the Middle District of Pennsylvania. (Docs. 4, 6).

The complaint alleges that, while housed at SCI-Camp Hill, Plaintiff was subjected to cruel and unusual punishment, and received inadequate medical care. (Doc. 5). Plaintiff states that he was placed on a water restriction after being issued misconducts due to misusing the water in his cell to flood the tier. (*Id.* at p. 4). He alleges that he was denied food and water, and staff failed to offer assistance when he passed out in his cell. (*Id.* at pp. 4-5). Plaintiff further alleges that medical staff at SCI-Camp Hill failed to provide him with "some type of medication" that was purportedly recommended by an outside doctor.

---

[1] Plaintiff is currently confined at the State Correctional Institution, Houtzdale, Pennsylvania.

(*Id.* at p. 5).

Named as Defendants are the following employees at SCI-Camp Hill: Laurel Harry, Kathleen Zwierzyna[2], James Meintel[3], Timothy Henry, Levell Jenkins, JT Mohn, Kluck[4], Rivera, Benner, T. Lewis, Bellon[5], Paul Leggore, John Horner, and Scott Moore.[6] (Doc. 5, pp. 2-3). By Order dated January 7, 2015, the Eastern District of Pennsylvania dismissed Plaintiff's claims against the Commonwealth of Pennsylvania, the Department of Corrections, and SCI-Camp Hill as legally frivolous and terminated them as parties to this action. (Doc. 4, p. 2, ¶ 4).

Presently pending before the Court is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 19). Defendants seek an entry of judgment in their favor based on Plaintiff's failure to exhaust administrative remedies within the prison system before filing the instant complaint. (Doc. 21, at 9-10). For the reasons set forth below, the Court will grant Defendants' motion.

---

[2] Incorrectly identified in the complaint as "Zwierzynn".

[3] Incorrectly identified in the complaint as "Mientel".

[4] Incorrectly identified in the complaint as "Klock".

[5] Incorrectly identified in the complaint as "Belton".

[6] Also named as Defendants are correctional officers Green and Gilbert. (Doc. 5, p. 3). As discussed herein, Defendants Green and Gilbert will be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m).

II.   **Standard of Review**

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.*; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). Once such a showing has been made, the non-moving party must go beyond the pleadings with

3

affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. FED. R. CIV. P. 56; *Celotex*, 477 U.S. at 324; *Matsushita Electric Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *Wooler v. Citizens Bank*, 274 F. App'x 177, 179 (3d Cir. 2008). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *see also Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992). "[T]he non-moving party 'may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial.'" *Picozzi v. Haulderman*, 2011 WL 830331, *2 (M.D. Pa. 2011) (quoting FED. R. CIV. P. 56(e)(2)). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of North America, Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied*, 507 U.S. 912 (1993).

### III. Statement of Undisputed Facts

At all times relevant to the instant action, Plaintiff was housed at SCI-Camp Hill.

(Doc. 20, ¶ 1; Doc. 20, Ex. A, Declaration of Keri Moore ("Moore Decl.") ¶ 23). Plaintiff was incarcerated at SCI-Camp Hill from November 18, 2013 through December 16, 2013, and from April 28, 2014 through August 27, 2014. (*Id.*).

During his incarceration at SCI-Camp Hill, Plaintiff filed twelve (12) grievances. (Doc. 20, ¶ 13; Moore Decl. ¶ 24). The grievances relate to problems with staff, Plaintiff's inmate account, property, and charges of misconducts. (*Id.*). Plaintiff did not appeal any of the initial review responses or grievance rejections to the Facility Manager or to Secretary's Office of Inmate Grievances and Appeals ("SOIGA") for final review. (Doc. 20, ¶ 14; Moore Decl. ¶ 15). Any attempt by Plaintiff to appeal those grievances now would be untimely. (Moore Decl. ¶ 25).

## IV. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95

F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended 42 U.S.C. § 1997e, requires prisoners to present their claims through an administrative grievance process before seeking redress in federal court. The act specifically provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). An inmate must comply with the PLRA exhaustion requirement as to any claim that arises in the prison setting, regardless of the nature of the claim or of the relief sought. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001); *Goodwin v. Zickenfoose*, 2013 WL 5719367, *2 (M.D. Pa. 2013) (Munley, J.). "[I]t is beyond the power of ... any ... [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000). Failure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendant. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002) (reasoning that "[p]rison officials are likely to have greater legal expertise and, as important, superior access to prison administrative records in comparison

to prisoners").

Further, the PLRA mandates that an inmate "properly" exhaust administrative remedies before filing suit in federal court, which demands compliance with an agency's deadlines and other procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004) (concluding that the PLRA includes a procedural default component); *Rivera v. Pa. Dep't of Corr.*, 388 F. App'x 107, 108 (3d Cir. 2010) ("An inmate must exhaust his administrative remedies *prior* to filing a civil action in federal court.") (emphasis added). A procedural default by the prisoner, either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim. *McKinney v. Kelchner*, 2007 U.S. Dist. LEXIS 71958, *8 (M.D. Pa. 2007) (citing *Spruill*, 372 F.3d at 227-32; *Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000)).

The Pennsylvania Department of Corrections ("DOC") Inmate Grievance System Policy, which has been in effect since December 8, 2010, consists of a three-step Inmate Grievance System to provide inmates with an avenue to seek review of problems that may arise during the course of confinement. Pursuant to DC-ADM 804, after an attempt to resolve any problems informally, an inmate may submit a written grievance to the facility's Grievance Coordinator for initial review. This must occur within fifteen days after the events upon which the claims are based. "The text of the grievance must be legible,

understandable, and presented in a courteous manner. The inmate must include a statement of the facts relevant to the claim. The statement of facts shall include the date, approximate time and location of the event(s) that gave rise to the grievance. The inmate shall identify individuals directly involved in the event(s)." DC-ADM 804, § 1 (A)(11). Within fifteen days of an adverse decision by the Grievance Coordinator, an inmate may then appeal to the Facility Manager of the institution. Thereafter, within fifteen days of an adverse decision by the Facility Manager, an inmate may file a final appeal to the Secretary's Office of Inmate Grievances and Appeals. An appeal to final review cannot be completed unless an inmate complies with all established procedures. An inmate must exhaust all three levels of review and comply with all procedural requirements of the grievance review process in order to fully exhaust an issue. *See Booth v. Churner*, 206 F.3d 289, 293 n. 2 (3d Cir. 2000) (outlining Pennsylvania's grievance review process); *Ingram v. SCI Camp Hill*, 448 F. App'x 275, 279 (3d Cir. 2011) (same).

The uncontroverted record in the instant case reveals that none of the matters set forth in the complaint have been fully and properly exhausted within the prison grievance system.

Defendants submitted a declaration of Keri Moore, Assistant Chief Grievance Officer in the Secretary's Office of Inmate Grievances and Appeals of the DOC, wherein she declares that a review of the Department records confirms that Plaintiff filed twelve (12)

administrative remedies during his incarceration at SCI-Camp Hill. (Moore Decl. ¶ 24). The grievances relate to issues with staff, Plaintiff's inmate account, property, and charges of misconducts. The evidence reveals that Plaintiff failed to appeal any of the initial review responses or grievance rejections to the Facility Manager or to the SOIGA for final review. (Moore Decl. ¶ 25). Additionally, Plaintiff may no longer timely appeal those grievances because the fifteen day period has passed. (*Id.*).

As noted above, the standard used in determining whether a prisoner has exhausted the administrative process is whether he complied with the applicable grievance procedures and rules. Attached to Plaintiff's complaint are a request to staff member, a written grievance to the Grievance Coordinator, and a response thereto. (Doc. 5, pp. 12-18). Plaintiff did not provide any evidence that he appealed any of the initial review responses or grievance rejections to the Facility Manager or to the SOIGA for final review. Although Plaintiff filed an opposition (Doc. 22) to Defendants' motion, he fails to oppose the Defendants' motion on the grounds that he failed to utilize the DOC's Inmate Grievance System with respect to the instant claims. Plaintiff offers no explanation as to why he did not exhaust the available administrative remedies. A party opposing summary judgment must come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e). This evidence must be adequate, as a matter of law, to

9

sustain a judgment in favor of the non-moving party on the claims. *See Anderson*, 477 U.S. at 250-57; *Matsushita Elec.*, 475 U.S. at 587-89; *see also* FED. R. CIV. P. 56(c), (e). Plaintiff failed to meet his burden with respect to the administrative exhaustion of his claims, and failed to present any evidence establishing his completion of the grievance process at SCI-Camp Hill. Moreover, there is no indication or suggestion that prison officials engaged in any affirmative misconduct such that they obstructed, hindered, delayed or prevented Plaintiff from pursuing administrative relief. *See Davis v. Warman*, 49 F. App'x 365, 368 (3d Cir. 2002) (an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate").

The undisputed evidence establishes that Plaintiff failed to complete the grievance process with respect to his claims in the instant complaint. Therefore, Defendants are entitled to an entry of summary judgment based on Plaintiff's failure to exhaust the administrative review process.

## V. **Federal Rule of Civil Procedure 4(m)**

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

10

FED. R. CIV. P. 4(m).

Defendants Green and Gilbert have never been properly served in this case, nor has an attorney enter an appearance on their behalf. Defendants Green and Gilbert were named in the complaint filed on December 10, 2014. (Doc. 5). More than a year has passed since such time, and it appears that Plaintiff has abandoned the action against these Defendants. As a result, these non-served Defendants will be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as they have not been served within 120 days of the date on which they were named as Defendants in this case.

## VI. Conclusion

Based on the foregoing, Defendants' motion (Doc. 19) for summary judgment will be granted. Defendants Green and Gilbert will be dismissed pursuant to Federal Rule of Civil Procedure 4(m). An appropriate Order shall issue.

Date: March 17th, 2016

Robert D. Mariani
United States District Judge